Hey, this is 120-203-14. Melissa Almendarez. You have before you Justice Aurelia Puchinsky, Justice Terry Lavin, and Justice James Fitzgerald Smith. Our procedure is that the appellant will go first and have 10 to 15 minutes interrupted unless you get way off point, and then we ask questions. After that, the appellee does the same, and then there's the conclusion. So with that in mind, you may proceed. Mike Ornstein Good morning, Your Honor. Mike Ornstein, State Appellate Defender for Defendant Appellant Melissa Almendarez. We'd like to ask for five minutes for rebuttal, and obviously I'm ready to answer any questions you have, but I'm going to focus on issue one, the eyewitness ID issue. Your Honors, this court should order an evidentiary hearing because expert testimony could have made the difference for my client. The complaining witness described her third attacker as having long blonde hair. The state told the jury that hair color didn't matter. Dr. Loftus could have showed why it didn't matter. The state told the jury to credit the complaining witness supposes certainty. Dr. Loftus could have explained why that certainty is intuitively appealing, but on these facts, problems matter. Finally, the state told the jury that the complaining witness had a great opportunity to observe. Dr. Loftus could have highlighted studies from which the jury could have found otherwise. That's why counsel should have investigated and ultimately called an eyewitness ID expert. Now the state argues that counsel, that this case is pre-LURMA and that counsel has no duty to divine changes in the law. That's a valid principle, but it does not apply here. As the state notes, what counts in terms of what counsel should do is what case counsel had available at the time of trial. At the time of trial, counsel had people be Tisdall. Tisdall said that probative relevant eyewitness expert testimony should be allowed. Counsel also had people be Allen. Allen said that eyewitness ID experts must be given serious consideration. Now the state also argues trial strategy that this, that this, that it was counsel's strategic decision not to present eyewitness ID evidence, and we see two problems with that. First, we also allege failure to investigate and proper strategy needs a proper investigation. Secondly, we don't know what counsel's strategy was. If foregoing an expert was a strategy, the state can bring that out as an evidentiary hearing. Now the state also argue denies any prejudice, but there was plenty. This is a single witness, uncorroborated ID case, and not a great ID case either from the state's point of view. The complainant would have said little opportunity to view faces. She described the first two offenders in great detail, but she only described the third offender, who she said was my client, is having long blonde hair, which everybody agreed my client lacked. And Dr. Loftus again could have made a difference in terms of why hair color mattered, why stress mattered, why multiple offenders mattered, and why my client's photo array tilted head mattered. So in sum, my client made a substantial showing that counsel failed to investigate an eyewitness ID expert, that this failure was objectively unreasonable, and it caused her her best shot at acquittal, and this court should order an evidentiary hearing. Counsel, get to the real issue in this case. The issue you just discussed is not even necessarily in this appeal, so proceed. So you're with the real issue referring to his case, referring to the guilty plea issue? Yes. Okay, so I would make a few points here. My client and her mother attested that counsel received an offer, and Amidar said it was refused before she could address it. The state argues that my client's affidavit is unsupported and self-serving. Well, it certainly is supported by her mother's affidavit, and in fact, if counsel did unilaterally decline the plea offer, as she alleges, there's simply nothing more my client could say. There's a simple conversation, and it's recounted in my client's affidavit. The state says my client should have procured an affidavit from counsel or the ASA or the state's attorney. Well, I think there's lots of cases. I think we've all seen them saying that counsel is not required to present an affidavit attesting to one's own ineffectiveness because it's against counsel's interest. I did not find a case saying the same thing about a state's attorney, but I think it goes double for the state's attorney. A state's attorney is certainly not obligated or particularly inclined to help a defendant with their post-conviction petitions. What about People v. Bloomert? I'm sorry? People v. Bloomert. Well, I just want to say something. I sincerely hope that all of the state's attorneys remember that their goal is not necessarily to put somebody in jail and find someone guilty. Their goal is to find justice. So, I'm not surprised by your statement that the but I find it offensive that there is still in this community the belief that the state's attorney would not cooperate. Well, let me say this. I think maybe if I clarify my statement, you might find it less offensive. No, I wasn't offended at you. I'm offended at the idea circling around this community that the state's attorney will go to any length to prosecute and put somebody in jail but won't go to any length to cooperate where it's necessary for the defendant to have some information the state's attorney needs. Sure. I think at least in this county, the assistant state's attorneys, if they think there's a realistic chance that a client is innocent, they will look at that and will take efforts to investigate further and such. I think it is rare for state's attorneys to help with procedural issues short of that. It could happen but I don't. This is an adversary system and we all work as adversaries. You haven't answered my question, counsel. People versus Bloomer. I do not have an answer because I don't think, unless I'm wrong, I'm searching the state's brief. I don't see that they cited that. ART. Okay. The state did not say it so let me look it up. Can you spell that one more time? That's basic law. And it's sympathetic to your position. All right. Well, I did not prepare myself to talk about it, I'm afraid. Could you remind me what it says very briefly? It says that the only person that can waive the case in this situation is the party himself. Only he can grant or deny his request for, you know, to waive his sentence offer. Well, certainly that's back to the law. There's five things a defendant has a right to do. Defendant has a right to plead guilty or not to plead guilty and that's certainly one of them. That is absolutely the defendant's choice to plead guilty and I don't think you can make an intelligent choice without knowing about a plea offer. What kind of sentence was the defendant facing here? The defendant was facing 20 to 60. I don't think there was any extensions. 20 to 60 for the murder of the unborn child? Yeah. And then there was one other count as well? There was one. I think it was 67 years. Well, she got 23 years so the minimum had to be 20. So, if it was consecutive, it could be 67. I think the sentence is one concurrent. I could be wrong about that. The other charge was robbery. Right. Okay. Robbery. All right. That's a substantial difference. 67 versus 20. That's one difference and then the other one we have is 23 versus 20 and some would maybe try to minimize that but three years matters a lot if the person is serving it, right? Sure. Well, I would argue that it's the 67 and not the 23 that matters because if you're refusing to offer it, it's a sentencing exposure you're really worried about and absolutely three years matters. I mean, I cited the Glover case in my brief in the United States Supreme Court case saying any amount of prison time is prejudicial and in this case, my client had an affidavit and said that it was refused without her, that the plea offer was refused without her. This court should take it as true and this court should find that that denied her right to an intelligent decision on the plea. And what relief would you seek in that regard? The relief would be... Are you asking for an evidentiary hearing? Well, yeah, you need an evidentiary hearing because the state has the right to challenge my client's affidavit. So ultimately, the relief would be probably to hopefully to get the thing down in 20 years but at this point, the evidentiary hearing. Okay, you're the one asking for it. Okay. I don't see any grounds to skip ahead of the evidentiary hearing at this point. So that would be the relief. Okay. And what about the fact that the state makes some argument about the fact that there were no discussions about the plea being in the record? I know there's some case and I know that Judge Wilson himself said that these kind of negotiations are not often in the record. Well, I would say that the most recent case on the subject of People v. Robbins in the Illinois Supreme Court case which talks about what rebutted by the record means. And it means positively rebutted by the record things where the transcript says something totally different than what the defendant alleges. So there's no reason to bring it. If the counsel rejects the plea offer with or without the defendant's consent, there's no reason for anybody to bring it on the record. There's nothing to talk about. There's no reason to ask for a 402 hearing. Okay. No further questions for me. All right. So unless there are any further questions, I'd ask that we ran for an open entry here. What you're asking is for us to send it back for a third stage. Right. Right. Exactly. Exactly. Okay, Caitlin, you can proceed. Thank you, Your Honor. Good afternoon and may it please the court. My name is Assistant State's Attorney Caitlin Chanew on behalf of the people of the state of Illinois. This court should affirm the trial court's second stage dismissal of petitioner's claims. The trial counsel was ineffective for not calling an expert to testify on the reliability of eyewitness identifications and petitioner's claim that trial counsel was ineffective for allegedly rejecting a plea offer. Now with regards to the expert testimony issue, petitioner failed to make a substantial showing that trial counsel was deficient for not presenting an expert because the law at the time of trial when we look at the deficiency prong of Strickland and under Strickland, it is clear that when we look to whether representation was effective, you look to the representation based on the law prevailing at the time of the trial. So counsel does argue that trial counsel had cases such as Teasdale and Allen to rely on available at the time of the trial, but both of those are distinguishable and they're outliers. So in Teasdale and both, neither of them discussed ineffective assistance of counsel with regards to this issue. Teasdale, actually the appellate court found that the court properly denied the expert from testifying and in Allen, the court was presented with an expert unlike here and just failed to conduct a meaningful inquiry into the testimony. But in Allen, the court made explicitly clear that they would express no opinion on whether the court on remand should allow any part of the testimony to be heard by a judge. So here again, we look to whether performance was effective under Strickland. It does not require counsel go to distinguishable and isolated cases. We are looking at the law at the time in which courts routinely excluded expert testimony of this nature. What about the plea issue? I can move to the plea issue if your honor would like me to at this time. Okay. Yes, your honors. So in terms of the plea issue, petitioners also failed to make a substantial showing that trial counsel was ineffective for unilaterally rejecting a purported plea offer primarily because petitioner has failed to show that she would have accepted any such offer in the first place, which at this stage, she does have a burden to show, make a substantial showing of, and it's inconsistent with the record because she proclaimed her innocence throughout trial, sentencing, and in post-conviction proceedings. She raised actual innocence claims during her post-conviction petitions. At trial, she denied having attacked Mary Lou Resendez. She proclaimed her innocence at sentencing, as did her mother, and she failed to show that the people would not have rescinded an offer even if one had been made. Petitioner does argue that... Counsel, I would just like to know, how would she have shown that? How would this woman who's the defendant in this case, who's in jail, show what the state would or wouldn't have provided? How would she know that? Your Honor, she could have obtained or at least attempted to obtain an affidavit from the state's attorney. I do know that trial counsel, as we just heard, argued that petitioner could not have been expected to obtain such an affidavit because an ASA would not help petitioner. This isn't a question of asking an ASA to write a motion and argue petitioner's case. This is simply asking an ASA to say, yes or no, a plea offer was made, and yes or no, we would or would not have rescinded it prior to trial. Now, this court recently affirmed and the people filed a motion to cite additional authority in People v. JM, which was a first-stage dismissal, an appeal from a first-stage dismissal, and there the petitioner argued that he told his trial counsel and the ASA at trial that a juror was sleeping during testimony, and he attached his own affidavit to the petition, and then at the first stage, the court dismissed it. On review, this court determined that the first-stage dismissal, which is a lower burden, had been proper because he failed to attach the and failed to explain its absence. In this case, had petitioner attached an affidavit from the state's attorney, it could have confirmed whether or not the people made an offer in the first place in addition to whether they would have rescinded it. Pursuant to JM, this petitioner's assertions are not sufficient to meet the burden at the second stage. Finally, petitioner is required to make a substantial showing that even if she had elected to plead guilty despite her proclamations of innocence, she has to show that the trial court would not have refused to accept the offer because under Illinois law, a court has the discretion to reject a plea if it is coupled with proclamations of innocence. Petitioner has not made this showing here, and her claim that she was denied effective assistance based on this alleged rejection of a purported plea fails where she cannot make a substantial showing that even if one had existed, she would have accepted it and it would not have been rejected. Any questions? I'll go ahead. Oh, that's it. I just wanted to wrap up if there were no questions. Any questions? None for me. Okay, Michael, you can finish up. Michael? You're muted. You're muted yourself. I'm sorry. I should know better by now. I mean, this COVID is a long time ago. Let me, I mean, the only thing I think I would really respond to is this point about proclaiming innocence throughout the trial. I mean, I think people generally who are not guilty, but also those who are guilty, but also those who are not guilty, look to their self-interest when looking whether or not to take a plea offer. And people are innocent for various reasons, do plead guilty. And people who are guilty or innocent, if they're at trial, will fight a trial. And so that would be the only point I would make. And I would ask this for an evidentiary hearing. Any questions? No. Nothing. No. All right. Thank you, both of you. You both hone in on the issues and we're glad that your briefs were well-written. So we didn't have to do much asking you of questions. So thank you very much. And I would add to that, that the always write good briefs and are prepared for good oral arguments. So thank you. Thank you. Thank you, your honors.